UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC MERTESDORF,

Plaintiff,

v.

COUNTY OF ALAMEDA, et al.,

Defendants.

Case No. 24-cv-03690-JD

**ORDER RE DISMISSAL**

Plaintiff Eric Mertesdorf sued the County of Alameda and the Alameda Sheriff's Department (Alameda), Wellpath LLC, and California Forensic Medical Group, Inc. (CFMG), for alleged violations of 42 U.S.C. § 1983 and the Americans with Disabilities Act, and for California state law claims, arising out of his arrest in 2023. Dkt. No. 31. Mertesdorf says that a member of the Alameda Sheriff's Department or CFMG confiscated his insulin pump at the Santa Rita Jail, which induced a diabetic crisis that required hospitalization. *Id.* ¶ 12-23. Mertesdorf filed his initial action on March 7, 2024, almost one year after his March 11, 2023, arrest, in Alameda County Superior Court. Dkt. No. 1 Ex. A (complaint). Alameda removed the case to this Court on grounds of federal question subject matter jurisdiction. Dkt. No. 1 at 2. Mertesdorf did not contest removal. Alameda filed an answer to the complaint. Dkt. No. 9.

The original complaint did not name CFMG as a defendant. Dkt. No. 1. On February 20, 2026, Mertesdorf filed a second amended complaint (SAC) that substituted CFMG as a defendant for the "Doe 2" listed in the original complaint. Dkt. No. 31 ¶ 7. CFMG asks to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6) on the theory that the substitution was untimely and barred by the statute of limitations. Dkt. No. 37. CFMG also challenges the plausibility of

United States District Court
Northern District of California

Mertesdorf's claims. The parties' familiarity with the record is assumed, and dismissal is granted and denied in part.

To start with the limitations question, Mertesdorf proposes that the addition of CFMG in the SAC "related back" to the original and timely filing of his claims. Dkt. No. 39 at 3. Under Federal Rule of Civil Procedure 15(C)(1)(A), an "amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(C)(1)(A). This rule "incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient. As a result, if an amendment relates back under the state law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not otherwise relate back under the federal rules." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1200 (9th Cir. 2014). California law allows for substitution of Doe defendants to be deemed timely as long as it is done within three years of the original filing of the complaint. *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 800 (9th Cir. 1986). A plaintiff must have stated the relevant cause of action against the Doe defendant, been actually ignorant of the defendant's true identity at the time of filing, and amended once he discovered the Doe defendant's true identity. *Fireman's Fund Ins. Co. v. Sparks Constr., Inc.*, 114 Cal. App. 4th 1135, 1143 (2004).

CFMG says the amendment falls outside the California substitution rule for two reasons. First, it says that Mertesdorf does not state a claim against CFMG because his original complaint did not describe an entity Doe defendant. Dkt. No. 37 at 16-17. Second, it says that Mertesdorf was not ignorant of CFMG's involvement or of "the facts giving rise to a cause of action against" CFMG. *Id.* at 18. In this respect, CFMG points to allegations of harmful medical decisions by medical staff at the jail as evidence that he knew all of the facts giving rise to a cause of action against CFMG. *Id.*

Neither point is well taken. For the first theory, CFMG did not present a case or other authority for the proposition that a Doe allegation must be precisely crafted to anticipate the defendant that is added later. What matters is whether "the amended complaint refers to the same

accident and the same injuries referred to in the original complaint." *Smeltzley v. Nicholson Mfg. Co.*, 18 Cal. 3d 932, 937 (1977). It is not disqualifying if the amendment "rest[s] upon different theories and invoke[s] different legal duties," so long as it invokes "the same general set of facts." *Id.* at 939-40. The SAC fits well within this boundary. The factual allegations about Mertesdorf's injuries and how they transpired were materially unchanged from his first complaint. The amended claims also closely tracked the ones in the original complaint.

CFMG's second point is equally unavailing. After suggesting that the original complaint was "devoid of any allegations which purport to show how, why or in what manner any fictitious defendant entity should be charged," Dkt. No. 39 at 17, CFMG pivots to the rather inconsistent theory that Mertesdorf was not ignorant of CFMG's role because he alleged all of the relevant facts needed to sue CFMG in the first instance, *id.* at 17-18. Leaving this tension aside, the problem for CFMG is that the law does not support its position. CFMG cites *Fuller v. Tucker*, 84 Cal. App. 4th 1163 (2000), to say that Mertesdorf was required to have been ignorant of "the facts giving rise to a cause of action against" it but that the original complaint indicated knowledge. Dkt. No. 39 at 18. It is true that *Fuller* states that "actually ignorant" includes "not only ignorant of the defendant's identity, but also ignorant of the facts giving rise to a cause of action against that defendant." *Fuller*, 84 Cal. App. 4th at 1170. But *Fuller* also expressly held that when the plaintiff "knows of the existence of the defendant sued by a fictitious name, and . . . the defendant's actual identity (that is, his name) the plaintiff is 'ignorant' within the meaning of the statute if [plaintiff] lacks knowledge of that person's connection with the case or with [plaintiff's] injuries." *Id.* That fits CFMG here. Overall, CFMG did not demonstrate that the naming of it in the SAC was untimely.

With respect to the plausibility of the claims, CFMG challenges the claims for intentional infliction of emotional distress (IIED), liability under California Government Code 815.2, and violation of the Ralph Act. Dismissal of the IIED claim is denied. CFMG offered only a few conclusory sentences on IIED, and the Court declines to dismiss it on such an underdeveloped argument. Dkt. No. 37 at 21-22.

United States District Court
Northern District of California

Dismissal of the claim under California Government Code § 815.2 is granted. Mertesdorf did not respond to CFMG's argument that it cannot be liable under California Government Code § 815.2 because it is not a public entity. The Ralph Act claim is also dismissed. The SAC did not plausibly allege an act or threat of violence as the Ralph Act requires. Cal. Civ. Code. § 51.7(b)(1) ("All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence.").

The dismissals are with leave to amend. Mertesdorf may file by December 11, 2026, an amended complaint that is consistent with this order.

**IT IS SO ORDERED.**

Dated: November 23, 2026



JAMES DONATO
United States District Judge